JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CHRIS SOULES, an individual, | ) | CASE NO. CV 16-1289-R |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING PLAINTIFF'S EX |
| | ) | PARTE APPLICATION TO REMAND IN |
| v. | ) | PART, AND DENYING IN PART |
| | ) | |
| FARMERSONLY.COM aka | ) | |
| FARMERSONLY MEDIA INC.; NICOLE | ) | |
| STIVERS, an individual; and DOES 1-50, | ) | |
| inclusive, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

    Before the Court is Plaintiff's Ex Parte Application to Remand, or in the Alternative, for an Order Shortening Time for a Hearing on a Motion to Remand, as well as Plaintiff's separate Motion to Remand, which were both filed on March 8, 2016. (Dkt. Nos. 14 and 15).

    In order to be entitled to ex parte relief "the evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures [and] . . . that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488 (C.D. Cal. 1995). To find irreparable prejudice,

1 the Court must look to the merits of the accompanying motion. *Id.* Courts use a "sliding scale"
2 when analyzing prejudice. *Id.* Where "the threatened prejudice would not be severe, then it must
3 be apparent that the underlying motion has a high likelihood of success on the merits. If drastic
4 harm is threatened, then it is sufficient to show that there are close issues that justify the court's
5 review before the party suffers the harm." *Id.*

6 As explained below, this Court does not have subject matter jurisdiction over Plaintiff's
7 action. To require Plaintiff to litigate claims in a court where jurisdiction is not proper would
8 unquestionably prejudice Plaintiff. Since the likelihood of Plaintiff's success on the merits is not
9 merely high, but certain, even a small amount of prejudice will permit this Court to provide ex
10 parte relief.

11 A defendant may remove a civil action from state court to federal court if original
12 jurisdiction would have existed in the federal court at the time the complaint was filed. 28 U.S.C.
13 § 1441(a). The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction.
14 *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The strong presumption against removal
15 jurisdiction means that the defendant always has the burden of establishing that removal is proper.
16 *Id.* Accordingly, federal jurisdiction must be rejected if there is any doubt as to the right of
17 removal in the first instance. *Id.*

18 For a federal court to exercise diversity jurisdiction, the amount in controversy must
19 exceed $75,000. 28 U.S.C. § 1332(a). A defendant seeking removal must "be held to a higher
20 burden than showing a mere possibility that the jurisdictional amount is satisfied." *Sanchez v.*
21 *Monumental Life Ins. Co.*, 102 F.3d 398, 403 (9th Cir. 1996) (quoting *Gafford v. Gen. Elec. Co.*,
22 997 F.2d 150, 155-56 n.2 (6th Cir. 1993) (abrogated on other grounds by *Hertz Corp. v. Friend*,
23 559 U.S. 77 (2010))). In order to survive remand, the removing defendant must demonstrate that
24 the amount in controversy requirement is satisfied by a preponderance of the evidence. *Coleman*
25 *v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1148 (C.D. Cal. 2010). When the amount in
26 controversy is unclear from the face of the Complaint, "the defendant bears the burden of actually
27 proving the facts to support jurisdiction, including the jurisdictional amount." *Gaus*, 980 F.2d at
28 566-67. "Conclusory allegations as to the amount in controversy are insufficient." *Matheson v.*

*Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090-91 (9th Cir. 2003).

Post-removal stipulations typically will not deprive a federal court of jurisdiction, provided such jurisdiction was proper in the first instance. *Gillette v. Peerless Ins. Co.*, 2013 WL 3983872, at *2 (C.D. Cal. July 31, 2013). When a post-removal stipulation does not change the pleadings, but rather simply clarifies an ambiguity in the amount in controversy, a court may consider the stipulation as evidence of a failure to satisfy the amount in controversy. *Id.* at *3. "Courts consider stipulations that clarify the amount in controversy in situations where (1) state pleading rules leave plaintiffs with no other option but to specify an ambiguous amount in controversy in the complaint, or (2) where the stipulation indicates that the amount in controversy at the time of removal fell below the jurisdiction limit." *Id.* at *4.

Plaintiff did not assert whether the amount in controversy exceeded $75,000 when he filed his Complaint in state court. The ambiguous nature of the proposed damages was, however, clarified by Plaintiff's March 8, 2016 stipulation. While a post-removal stipulated amendment to a requested amount in controversy may not independently defeat this Court's jurisdiction, a post-removal clarifying stipulation may. *See id.*; *Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 690-91 (9th Cir. 2006). Proffered evidence by the Defendants to rebut this stipulation, particularly as it relates to settlement negotiations, amount to nothing more than puffery on the part of Plaintiff to elicit a favorable settlement, and cannot be a basis for meeting Defendants' burden under the *Gaus* standard here. *See generally Gwyn v. Wal-Mart Stores, Inc.*, 955 F. Supp. 44, 46 (M.D.N.C. 1996).

"Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Defendants believed that Plaintiff's claims during settlement negotiations were genuine and not mere puffery. Defendants also believed that Plaintiff's stipulation would be irrelevant in Plaintiff's Motion to Remand, as is often the case in regards to post-removal stipulations, as explained above. The fact that Defendants were mistaken does not create an unusual circumstance justifying the award of attorney's fees.

1 **IT IS HEREBY ORDERED** that Plaintiff's Ex Parte Application to Remand is
2 GRANTED as to the order to remand, and DENIED as to Plaintiff's request for attorney's fees.
3 (Dkt. No. 14).
4 **IT IS FURTHER ORDERED** that Plaintiff's remaining motions are DISMISSED,
5 without prejudice.  (Dkt. Nos. 11, 15, 19, 22).
6 Dated: March 16, 2016.

```
                                    _____
                                          MANUEL L. REAL
                                   UNITED STATES DISTRICT JUDGE
```